UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BROADCAST MUSIC, INC., et al.

    Plaintiffs,

v.                                  Case No. 8:22-cv-1790-VMC-SPF

TASTE AND SPIRIT, LLC, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiffs' Motion for Final Default Judgment Against Defendants (Doc. 25). For the reasons set forth herein, it is recommended that the Motion be GRANTED.

### I. BACKGROUND

On August 5, 2022, Plaintiff Broadcast Music, Inc. ("BMI") and a number of other named plaintiffs (set forth below), filed a complaint against Defendants Taste and Spirit, LLC and Tony Tannus (Doc. 2). Plaintiffs raised thirteen claims of copyright infringement. Defendants were properly served with the Complaint, but failed to respond (Docs. 15, 16). On September 13, 2022, the Clerk of Court entered defaults against Defendants (Docs. 19, 20). On December 12, 2022, Plaintiffs moved for default judgment against Defendants (Doc. 25). Plaintiffs served Defendants with a copy of the Motion (Doc. 25 at 16), but they have not responded to it and the time to do so has passed. Accordingly, the matter is now ripe for consideration.

## II.    STANDARD OF REVIEW

Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Once this has occurred, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). A court may enter a default judgment against a party who has failed to respond to a complaint if the complaint provides a sufficient basis for the judgment. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact" set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quotation omitted). As such, if well-pleaded, liability is established by virtue of a default. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

Damages, however, are not admitted by virtue of default. *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). "Rather, the Court determines the amount and character of damages to be awarded." *Id.* If, in order to enter or effectuate judgment, it is necessary to conduct an accounting to determine the amount of damages, the court may conduct hearings or make referrals as it deems necessary and proper. Fed. R. Civ. P. 55(b)(2). Damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232, 1233 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105,

111 (2d Cir. 1997) (a hearing is not necessary if sufficient evidence is submitted to support the request for damages).

### III.     FACTUAL ALLEGATIONS

Plaintiff BMI is a corporation that has been granted the right to license the public performance rights in approximately 18.7 million copyrighted musical compositions (the "BMI Repertoire"), including those owned by the other Plaintiffs (Doc. 2 at ¶ 3). The other Plaintiffs in this case are: (1) House of Cash, Inc.; (2) Screen Gems-EMI Music, Inc.; (3) Fourteenth Hour Music Inc.; (4) Springtime Music, Inc.; (5) Sony/ATV Songs LLC d/b/a Sony/ATV Acuff Rose Music; (6) R–Key Darkus Publishing; (7) Orbi–Lee Publishing; (8) Roys Boys LLC; (9) Muscle Shoals Sound Publishing; (10) Peermusic III Ltd.; (11) EPA Publishing; (12) Rondor Music International, Inc.; (13) Gibb Brothers Music; (14) Crompton Songs; (15) Siren Songs; (16) Warner-Tamerlane Publishing Corp.; and (17) Universal – Songs of Polygram International, Inc. (collectively, the "Publisher Plaintiffs") (*Id.* at ¶¶ 4–21). These Plaintiffs own copyrights in the musical compositions that are the subject of this lawsuit (*Id.*).

Defendant Taste and Spirit, LLC ("T&S") is a Florida limited liability company that operates, maintains, and controls an establishment known as Meadows Village Pub, located in Sarasota, Florida ("the Establishment") (*Id.* at ¶ 22). Defendant Tony Tannus is a manager of T&S, and he has responsibility for the operation and management of T&S and the Establishment (*Id.* at ¶ 25). Defendant Tannus also has the right and ability to supervise the activities of T&S (*Id.* at ¶ 26). Defendants T&S and Tannus have a direct financial interest in the Establishment (*Id.* at ¶¶ 24, 26).

In connection with the operation of the Establishment, Defendant T&S publicly performed musical compositions and/or caused musical compositions to be publicly performed (*Id.* at ¶ 23). Specifically, on November 20, 2019, Defendants publicly performed or caused to be publicly performed at the Establishment the musical compositions identified below without license or permission to do so:

| Claim No. | Musical Composition | Writer(s) | Publisher Plaintiff(s) | Date(s) of Reg. | Reg. Nos. |
|---|---|---|---|---|---|
| 1 | Folsom Prison a/k/a Folsom Prison Blues | John R. Cash a/k/a Johnny Cash | House of Cash, Inc. | 2/13/84 1/13/83 9/14/56 11/30/55 | RE 196-295 RE 153-380 Ep 102326 EU 418371 |
| 2 | I'm Not Your Stepping Stone | Tommy Boyce Bob Hart | Screen Gems-EMI Music, Inc. | 6/6/66 | Eu 943841 |
| 3 | Mustang Sally | Bonny Rice | Fourteenth Hour Music Inc. Springtime Music, Inc. | 4/27/93 3/22/65 | RE 627-422 Eu 873659 |
| 4 | Oh Lonesome Me | Don Gibson | Sony/ATV Songs LLC d/b/a Song/ATV Acuff Rose Music | 12/31/85 2/17/58 | RE 275-764 Ep 116980 |
| 5 | Oh, Pretty Woman a/k/a Pretty Woman | Roy Orbison Bill Dees | Sony/ATV Songs LLC d/b/a Song/ATV Acuff Rose Music R-Key Darkus Publishing Orbi-Lee Publishing Roys Boys LLC | 1/13/92 8/28/64 | Re 569-701 Ep 191739 |
| 6 | Old Time Rock And Roll a/k/a Old Time Rock 'N Roll | George Jackson Thomas E. Jones, III | Muscle Shoals Sound Publishing Co. Peermusic III Ltd. | 11/11/77 | Ep375950 |
| 7 | Put Your Head On My Shoulder | Paul Anka | EPA Publishing | 10/3/86 10/17/58 | RE 305-871 Efo 60827 |
| 8 | Sitting On The Dock Of The | Steve Cropper Otis Redding | Rondor Music International, Inc. | 4/7/97 1/22/68 | RE 760-653 Eu 33492 |

4

|    | Bay a/k/a Sittin' On The Dock Of The Bay |                                    |                                                          | 8/25/69<br>3/13/75<br>3/13/75<br>5/15/95<br>11/20/95<br>11/20/95 | Ep264255<br>Ep 335846<br>Ep 335847<br>PAu 2-279-253<br>Pau 2-069-906<br>PA 809-368 |
|----|-----------------------------------------|------------------------------------|---------------------------------------------------------|--------------------------------------------------|------------------------------------------------------------|
| 9  | Stayin' Alive a/k/a Staying Alive       | Barry Gibb<br>Robin Gibb<br>Maurice Gibb | Gibb Brothers Music<br>Crompton Songs                  | 3/7/77<br>2/13/78<br>3/19/84<br>3/19/84          | Eu 761684<br>PA 178<br>PA 209-625<br>PAu 618-264           |
| 10 | Still The One                           | John Hall<br>Johanna Hall          | Siren Songs<br>EMI Blackwood Music, Inc.                | 11/4/76                                          | Ep360043                                                   |
| 11 | Sweet Dreams of You a/k/a Sweet Dreams  | Don Gibson                         | Sony/ATV Songs LLC d/b/a Song/ATV Acuff Rose Music      | 1/6/83<br>12/30/55                               | RE 155-468<br>Ep 95678                                     |
| 12 | You Make Me Feel Brand New              | Thom Bell<br>Linda Creed           | Warner-Tamerlane Publishing Corp.                        | 3/11/74<br>6/10/74                               | EU 469664<br>EP 325229                                     |
| 13 | Your Song                               | Elton John<br>Bernie Taupin        | Universal – Songs of Polygram International, Inc.        | 4/7/70<br>6/5/70<br>12/17/70                     | Eu 183663<br>Efo 142515<br>Eo 283511                       |

(*Id.* at ¶¶ 29–35; Doc. 2-2). Each musical composition listed in the table above was created by the respectively named writer(s) (*Id.* at ¶ 31).

For each musical composition identified in the table above, the Publisher Plaintiff(s) complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the numbers listed (*Id.* at ¶ 32). The listed Publisher Plaintiff(s) was (and still is) the owner of the copyright in the respective musical compositions listed (*Id.* at ¶ 33). On the date of the infringement listed in the above table, BMI was (and still is) the licensor of the public performance rights in the musical compositions listed (*Id.*).

## IV.     DISCUSSION

### A.     *Liability*

To establish copyright infringement alleging the unauthorized public performance of a copyrighted musical composition, a plaintiff must demonstrate five elements: (1) the originality and authorship of the compositions involved; (2) compliance with all formalities required to secure a copyright under Title 17, United States Code; (3) that plaintiffs are the proprietors of the copyrights of the compositions involved in the action; (4) that the compositions were performed publicly by the defendant; and (5) that the defendant did not receive permission from any of the plaintiffs or their representatives for such performance. *Broad. Music, Inc. v. Evie's Tavern Ellenton, Inc.*, No. 8:11–cv–2056–T–17TBM, 2013 WL 5487066, at *2 (M.D. Fla. Sept. 30, 2013).

Plaintiffs alleged in the Complaint that each of the musical compositions listed in the table above was created by the respectively named writer or writers. These allegations establish the first element of copyright infringement. In satisfaction of the second element, Plaintiffs alleged their compliance with the formalities of the Copyright Act and provided the numbers of the copyrights they thereby received. Plaintiffs established the third element by alleging that they were, and still are, the owners of the copyrights for the musical compositions performed at the Establishment. Plaintiffs established the fourth element by alleging that Defendants publicly performed the musical compositions at the Establishment on November 20, 2019 or caused the musical compositions to be publicly performed at the Establishment on that date. Finally, Plaintiffs established the fifth element by alleging that Defendants publicly performed the musical compositions, or caused them to be publicly performed, without a license or permission to do so. Accordingly, the well-pleaded allegations in the

Complaint, which Defendants are deemed to have admitted, establish each of the elements of copyright infringement. These allegations are sufficient to establish that T&S, the owner of the Establishment where the infringement occurred, is liable for copyright infringement as alleged in the Complaint.

Defendant Tannus, as a corporate officer of T&S, may be jointly and severally liable with T&S for copyright infringement. *Quartet Music v. Kissimmee Broad., Inc.*, 795 F. Supp. 1100, 1103 (M.D. Fla. 1992). "'An individual, including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity, or who personally participates in that activity is personally liable for the infringement.'" *S. Bell Tel. & Tel. Co. v. Assoc. Tel. Directory Publishers*, 756 F.2d 801, 811 (11th Cir.1985) (quoting *Lauratex Textile Corp. v. Allton Knitting Mills, Inc.*, 517 F. Supp. 900, 904 (S.D.N.Y.1981)). Liability attaches even if the corporate officer was ignorant of the infringement. *Id.*

Plaintiffs allege that Tannus has both the right and ability to supervise the activities of T&S and the responsibility to operate and manage the Establishment (Doc. 1 at ¶ 25). Plaintiffs further allege that Tannus has a direct financial interest in the Establishment (*Id.* at ¶ 26). These allegations are sufficient to establish that Tannus is liable for copyright infringement as alleged in the Complaint.

      B.    *Damages*

The Copyright Act permits a plaintiff to elect either actual or statutory damages. 17 U.S.C. § 504. In this case, Plaintiffs elect to receive statutory damages (Doc. 2 at 7; Doc. 25 at 8). In support of their request for statutory damages, Plaintiffs present the Declaration of Gayle Brown, Assistant Vice President, Licensing, for BMI (Doc. 25-2). Ms. Brown states that BMI learned sometime before December 2018 that the Establishment was offering

musical entertainment without a license from BMI and without permission from the copyright owners whose music was being publicly performed (*Id.* at ¶ 3). BMI sent various letters, including a cease-and-desist letter, to Defendants from December 2018 through May 2019, but Defendants did not respond (*Id.* at ¶¶ 3–5). Additionally, Ms. Brown states that BMI licensing personnel telephoned the Establishment on 18 occasions and on a number of those occasions spoke to persons associated with the Establishment's operation (*Id.* at ¶ 7). Despite these efforts, Defendants did not enter into a licensing agreement with BMI and they continued to offer unauthorized public performances of BMI-licensed music (*Id.* at ¶ 8).

On November 20, 2019, BMI sent an investigator to the Establishment (*Id.* at ¶ 9). The investigator made an audio recording and prepared a written report regarding the public performance of copyrighted musical compositions at the Establishment (*Id.*). Review of the audio recording made by the investigator confirmed that the musical compositions identified in the Complaint and attached schedule were publicly performed at the Establishment (*Id.* at ¶ 10). On December 5, 2019, BMI sent a letter to Defendants informing them of the investigation (*Id.* at ¶ 11, p. 57). Ms. Brown avers that, had the Defendants entered into a license agreement at the time BMI first contacted them, the estimated license fees between December 2018 and December 2022 would have been $9,516.60 (*Id.* at ¶ 16).

Based on this evidence, Plaintiffs request an award of $21,412.35 in statutory damages representing three times the lost licensing fees.[1] Statutory damages must be calculated according to the number of separately copyrightable works infringed, not on the number of

---

[1] BMI represents that its total lost licensing fees totaled $9,516.60 over a period of four years or approximately $2,379.15 per year. BMI is reducing its request to three years to account to the COVID-19 pandemic and the effect that it had on businesses such as the Establishment (Doc. 25 at 12). Accordingly, BMI seeks three times the lost licensing fee of $7,137.45.

infringements. *Disney Enters., Inc. v. Law*, No. 6:07–cv–1153–Orl–18GJK, 2008 WL 203393, at *4 (M.D. Fla. Jan. 23, 2008). Courts have discretion to award between $750 and $30,000 in statutory damages for all infringements of each work. 17 U.S.C. § 504(c). When the copyright owner sustains the burden of proving that an infringement was committed willfully, the court may increase the award of statutory damages up to $150,000 for each infringement. *Id.*

"'The employment of the statutory yardstick, within [these] set limits, is committed solely to the court which hears the case....'" *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 852 (11th Cir.1990) (quoting *Douglas v. Cunningham*, 294 U.S. 207, 210 (1935)). In awarding statutory damages, the Court may consider several factors, including (1) the infringers' blameworthiness (willful, knowing, or innocent); (2) the expenses saved and the profits reaped by the defendants in connection with the infringement; (3) the revenues lost by the plaintiffs due to the defendants' conduct; and (4) the deterrent value of the damages imposed." *Broadcast Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1261 (11th Cir. 2014) (citing *FW Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 229–30 (1952)). In awarding statutory damages, the Court's objective is not just compensating Plaintiffs for their injury, but also to discourage wrongful conduct. *Id.* Thus, many courts ensure that statutory damages exceed the unpaid license fees to give defendants an incentive to obey copyright laws. *See Broadcast Music, Inc. v. Bloodhound Brew, LLC*, No. 6:14-cv-1705-Orl-22KRS, 2015 WL 12830484, at *4 (M.D. Fla. Nov. 2, 2015) ("[C]ourts have considered an amount three times the licensing fee to be appropriate for discouraging the wrongful conduct.").

Having carefully considered the evidence, the Court finds that Plaintiffs' request for $21,412.35 in statutory damages is appropriate. This amounts to $1,647.10 per infringed

infringements. *Disney Enters., Inc. v. Law*, No. 6:07–cv–1153–Orl–18GJK, 2008 WL 203393, at *4 (M.D. Fla. Jan. 23, 2008). Courts have discretion to award between $750 and $30,000 in statutory damages for all infringements of each work. 17 U.S.C. § 504(c). When the copyright owner sustains the burden of proving that an infringement was committed willfully, the court may increase the award of statutory damages up to $150,000 for each infringement. *Id.*

"'The employment of the statutory yardstick, within [these] set limits, is committed solely to the court which hears the case....'" *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 852 (11th Cir.1990) (quoting *Douglas v. Cunningham*, 294 U.S. 207, 210 (1935)). In awarding statutory damages, the Court may consider several factors, including (1) the infringers' blameworthiness (willful, knowing, or innocent); (2) the expenses saved and the profits reaped by the defendants in connection with the infringement; (3) the revenues lost by the plaintiffs due to the defendants' conduct; and (4) the deterrent value of the damages imposed." *Broadcast Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1261 (11th Cir. 2014) (citing *FW Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 229–30 (1952)). In awarding statutory damages, the Court's objective is not just compensating Plaintiffs for their injury, but also to discourage wrongful conduct. *Id.* Thus, many courts ensure that statutory damages exceed the unpaid license fees to give defendants an incentive to obey copyright laws. *See Broadcast Music, Inc. v. Bloodhound Brew, LLC*, No. 6:14-cv-1705-Orl-22KRS, 2015 WL 12830484, at *4 (M.D. Fla. Nov. 2, 2015) ("[C]ourts have considered an amount three times the licensing fee to be appropriate for discouraging the wrongful conduct.").

Having carefully considered the evidence, the Court finds that Plaintiffs' request for $21,412.35 in statutory damages is appropriate. This amounts to $1,647.10 per infringed

work, well within the range permitted by 17 U.S.C. § 504(c). This number accounts for the fact that Defendants knowingly infringed on Plaintiffs' works and also accounts for the expenses saved by Defendants in failing to pay for BMI's licensing fee. In light of the continued unauthorized performance of the copyrighted musical compositions despite the repeated receipt of cease-and-desist letters and telephone conversations with BMI licensing personnel, a penalty that exceeds the amount of the licensing fees avoided by Defendants is appropriate to deter future infringing acts. *See Bloodhound Brew*, 2015 WL 12830484, at \*7 ("The Court finds that BMI's requested damages of $15,210, three times its estimated license fee, is a reasonable amount given [Defendant's] deliberate infringement of BMI's copyrighted works."); *Milk Money Music v. Oakland Park Entm't Corp.*, No. 09–cv–61416, 2009 WL 4800272, at \*3 (S.D. Fla. Dec. 11, 2009) (awarding $7,000.00 in statutory damages for each of four compositions infringed, for a total of $28,000.00).

        C.    *Injunctive Relief*

The Copyright Act provides for injunctive relief to prevent further infringement of a copyright. 17 U.S.C. § 502(a); *Broadcast Music, Inc. v. PRB Prods., Inc.*, No. 6:13-cv-1917-Orl-31KRS, 2014 WL 3887509, at \*5 (M.D. Fla. Aug. 7, 2014). "Injunctive relief is a traditional remedy for copyright infringement, and is especially favored where there is a history of continuing infringement and a substantial threat of continued infringement." *Sony Music Entm't Inc. v. Global Arts Prod.*, 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999). To obtain injunctive relief, the moving party must show: "(1) it has achieved actual success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause; and (4)

if issued, the injunction would not be adverse to the public interest." *PRB Prods., Inc.*, 2014 WL 3887509 at *5.

All four elements for granting an injunction have been established. First, by nature of Defendants' defaults, BMI has established the first two elements—a likelihood of success on the merits and irreparable harm. *See Reiffer v. Legendary Journeys, Inc.*, No. 8:17-cv-2748-T-35AAS, 2019 WL 2029973, at *5 (M.D. Fla. Apr. 10, 2019) ("By obtaining default judgment on liability, [Plaintiff] established likelihood of success on the merits and irreparable harm."). As to the first element, the Court finds that the threatened injury to BMI, specifically the costs and hardship of continuing to protect its copyrighted works, is outweighed by any damage the injunction may cause to Defendants. The effect of an injunction is to preclude Defendants from publicly performing BMI's copyrighted works without permission. The Court does not find this a sufficient harm to outweigh the substantial justification for imposing an injunction in this case. Finally, imposing an injunction is in the public interest because it promotes the purposes of the Copyright Act. *See id.* (stating that the "public has an interest in protecting copyrighted works"). Therefore, the Court will grant BMI's request for injunctive relief. The text of the permanent injunction is listed below with this report's recommendations.

### D.   *Costs and Attorney's Fees*

A court may award reasonable attorney's fees to the prevailing party in a copyright action. 17 U.S.C. § 505. The plaintiff is regularly awarded attorney's fees at the default-judgment stage of a copyright-infringement case. *See Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1315–16 (S.D. Fla. 2003) (awarding reasonable attorney's fees at default-judgment stage); *Clever Clovers, Inc. v. Sw. Fla. Storm Defense, LLC*, 554 F. Supp. 2d 1303, 1314 (S.D. Fla. 2008) (same). The party requesting attorney's fees must provide

evidence supporting the hours worked and rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A court may award attorney's fees based only on affidavits in the record. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted). The lodestar analysis applies for determining reasonable attorney's fees in copyright-infringement cases. *Nick-O-Val Music Co., Inc. v. P.O.S. Radio, Inc.*, 656 F. Supp. 826, 829 (M.D. Fla. 1987) (citations omitted); *BWP Media USA Inc. v. A.R. Commc'ns, LLC*, No. 6:14-CV-120-Orl-22KR, 2014 WL 5038590, at *5–6 (M.D. Fla. Oct. 6, 2014). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Eckerhart*, 461 U.S. at 433.

Here, Plaintiffs seek recovery of $3,000.00 in attorney's fees (Doc. 25-5 at ¶ 4). In support of their request, Plaintiffs have submitted the Declaration of Zachary D. Messa, one of their attorneys, and a time sheet (Doc. 25-5).

Attorney Messa represents that he was admitted to the Florida Bar in September 2001. He further states that his hourly rate is $400.00 per hour. This is a reasonable rate for an attorney with over twenty years of experience in the Tampa market in the absence of objection. *See Plum Creek Tech., LLC v. Next Cloud, LLC*, No. 8:19-cv-1974-T-60CPT, 2020 WL 3317897, at *1 (M.D. Fla. June 3, 2020), *report and recommendation adopted*, 2020 WL 3288033 (June 18, 2020) (finding rate of $400 per hour for a partner with seventeen years' experience to be reasonable and "consistent with those charged for similar work in this geographic area"); *MWR Holdings, LLC v. Academy of Tampa, Inc.*, No. 8:14-cv-1325-T-30MAP, 2014 WL 5590998, at *1 (M.D. Fla. Nov. 3, 2014) (hourly rates between $400 and $475 were reasonable given the respective attorneys' experience and the market rate in Tampa, Florida).

Attorney Messa also submitted a time sheet showing that he worked 10.9 hours on this matter (Doc. 25-2). Because of his firm's fee agreement with the client, however, the client was only billed $3,000.00 in fees. The Court finds the number of hours expended to be reasonable and the overall fee of $3,000.00 to be reasonable. *See Norman*, 836 F.2d at 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."); *see also Hepsen v. J.C. Christensen & Assoc., Inc.*, 394 F. App'x 597, 599–600 (11th Cir. 2010).

Finally, Plaintiffs seek to recover the $402.00 filing fee and $110.00 in service of process costs, for a total of $512.00 in costs. Both the filing fee and the service of process costs are taxable costs. *See* 17 U.S.C. § 505; 28 U.S.C. § 1920. Therefore, the Court finds that Plaintiffs are entitled to a total of $625.00 in costs.

Accordingly, it is hereby

**RECOMMENDED:**

1. Plaintiffs' Motion for Final Default Judgment Against Defendants (Doc. 25) be GRANTED.

2. The Court direct the Clerk to enter a final default judgment in favor of the Plaintiffs on the Complaint.

3. Plaintiffs be awarded $21,412.35 in damages, plus $3,000.00 in attorney's fees and $625.00 in costs against Defendants, jointly and severally.

4. Post-judgment interest accrue pursuant to 28 U.S.C. § 1961.

5. Plaintiffs' request for a permanent injunction should be granted. The permanent injunction should read as follows:

Defendants, Taste and Spirit, LLC d/b/a Meadows Village Pub a/k/a The Meadows Village Pub and Tony Tannus, individually and their agents, employees, and all persons acting under their permission or authority shall be permanently enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by Broadcast Music, Inc.

6. The Court direct the Clerk to close the case.

**IT IS SO REPORTED** in Tampa, Florida, on April 21, 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.